CARRIERS ⬤⟶314(5) — CARRIAGE OF PASSEN-
GERS—ACTION FOR INJURIES—PLEADING.

In an action for damages for personal inju-
ries alleged to have been caused by an unexpect-
ed movement of a passenger car while the plain-
tiff was alighting from it, the petition must con-
tain an allegation to the effect that it was the
duty of the employés of the railroad company to
look out for the safety of the plaintiff as a pas-
senger or an employé, or it will not disclose a
cause of action.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1273, 1275½; Dec. Dig. ⬤⟶
314(5).]

Appeal from Twenty-Sixth Judicial Dis-
trict Court, Parish of St. Tammany; J. B.
Lancaster, Judge.

Actions by Mrs. Aurora Reisland Mills
against the St. Tammany & New Orleans
Railway & Ferry Company. From a judg-
ment for defendant, plaintiff appeals. Af-
firmed.

L. Robert Rivarde, of Hahnville, for ap-
pellant. Harvey E. Ellis, of Covington, for
appellee.

O'NIELL, J. The plaintiff appeals from a
judgment dismissing her suit on an exception
of no cause of action. Her demand is for
damages for personal injuries alleged to have
been sustained while stepping from a passen-
ger car. She alleged, in her petition, that, in
company with a number of friends and ac-
quaintances, she boarded one of the passen-
ger cars operated and controlled by the de-
fendant company between Covington and
Mandeville; that, when she arrived at her
destination in Mandeville, the car, in charge
of the employés of the defendant company,
stopped to permit the plaintiff and her
friends to alight; that several persons got
off ahead of her, and, when she attempted to
step from the car to the ground, the car
started suddenly and without warning, throw-
ing her down and spraining her ankle. She
alleged that, if the car had been in charge
of competent and skillful employés, and if
they had been attentive to their duties, the
accident would not have occurred.

The district judge held that the allega-
tions of the petition were deficient because
the plaintiff failed to allege that she was a
passenger or an employé, or was invited to
ride on the car, or that she had a right to be
there, or was not a trespasser on the defend-
ant's property, or any other fact that would
make it the duty of the employés of the de-
fendant company to look out for her safety.
The ruling is in accord with the decisions of
this court in Lynch v. American Brewing Co.,
127 La. 850, 54 South. 123, and in Morris v.
Great Southern Lumber Co., 132 La. 306, 61
South. 383, and no good reason is suggested
why it should be reversed.

The judgment appealed from is affirmed.

---

(71 South. 512)

No. 21643.

MANDEVILLE ICE & LIGHT CO. v. TOWN
OF MANDEVILLE et al.

(April 3, 1916.)

*(Syllabus by Editorial Staff.)*

MUNICIPAL CORPORATIONS ⬤⟶680, 681(5) —
USE OF STREET—INJUNCTION—STATUTES.

Act No. 76 of 1914, authorizing towns to
grant to corporations the right to use and oc-
cupy the streets and to obstruct them with
buildings necessary to such corporations, pro-
vided the consent of the taxpayers is obtained,
containing no repealing clause, did not repeal
section 1, par. 7, of Act No. 111 of 1912, au-
thorizing towns to grant the use of their streets
for the erection of electric light poles, etc., as
the later act was intended to enlarge and not
to restrict the powers of towns, and referred to
unusual and serious obstructions, such as build-
ings, and not to the customary obstruction of
electric light poles, so that a company, proceed-

ing to erect such poles under the authority of an ordinance of a town, will not be enjoined.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1463; Dec. Dig. ☞ 680, 681(5).]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; J. B. Lancaster, Judge.

Suit for an injunction by the Mandeville Ice & Light Company against the Town of Mandeville and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Henry L. Garland, of Opelousas (Wm. V. Seeber, of New Orleans, of counsel), for appellant. M. R. Neuhauser, of New Orleans, for appellee Town of Mandeville. Harvey E. Ellis, of Covington, for appellee St. Tammany & N. O. Ry. & Ferry Co.

PROVOSTY, J. The St. Tammany & New Orleans Railway & Ferry Company was proceeding to erect electric light poles in the streets of the defendant town, under an ordinance authorizing it to do so, when the present suit was brought, enjoining the further prosecution of the work.

The sole ground of injunction alleged in the petition is that, as an effect of Act 76, p. 194, of 1914, towns can grant such a use of the streets only with the consent of the taxpayers of the town, obtained at an election held for that purpose.

Authority to grant such use of streets is conferred upon towns by paragraph 7 of Act 111, p. 128, of 1912, without anything being said about consent of taxpayers. But this restriction upon the authority of the town is imposed, says counsel, by the said act of 1914. The act reads:

"Towns * * * shall have authority to grant to railroads and other corporations the right to use and occupy the streets and alleys therein and to obstruct same, or part thereof, with buildings necessary to and used by said corporations," provided the consent of the taxpayers is obtained.

The act contains no repealing clause. Evidently its object was to enlarge, not to restrict, the powers of towns. Evidently, also, it has reference to unusual and serious obstructions, such as buildings, and not to the customary ones of poles for stringing wires, pipes for conducting gas and water, and rails for operating cars. The idea that a town should have to consult the taxpayers by means of an expensive election preliminarily to allowing electric light poles, or gas or water pipes, or railway tracks to be laid in a street, were it even for one single block, is evidently foreign entirely to the purpose and intendment of this act.

Judgment affirmed.